OPINION
Defendant Eugene Saunders appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found him to be a sexual predator pursuant to R.C. Chapter 2950. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
The record indicates appellant was convicted and sentenced for one count of sexual battery with a physical harm specification and one count of gross sexual imposition prior to the date Ohio's new sexual predator law went into effect. Thereafter, the Warden of the Lorain Correctional Institution filed a House Bill 180 screening form recommending the court find appellant to be a sexual predator. Appellant challenged the court's action on constitutional grounds, and conducted a classification hearing. The court found appellant to be a sexual predator on March 6, 1996.
 I and II
In his first two assignments of error, appellant argues the trial court erred in overruling his motion to dismiss on the basis of ex post facto and retro-active application grounds. In Statev. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held R.C. 2950.09 as applied to conduct prior to the effective date of this statute, does not violate the retro-activity clause of Section 28, Article 2, of the Ohio Constitution, nor does it violate the ex post facto clause of Section 10, Article of United States Constitution. Id., syllabus by the court, paragraphs one and two.
The first and second assignments of error are both overruled.
 III
In his third assignment of error, appellant argues the court committed prejudicial error in overruling his motion to dismiss the proceedings against him on the grounds of double jeopardy.
The Supreme Court did not address the issue of double jeopardy in its opinion in Cook, supra. This court has reviewed such claims, and has found pursuant to Cook, the provisions of the statute are not punitive in nature, and therefor do not violate the principles of double jeopardy, see e.g., State v. Bair
(February 1, 1999), Stark App. No. 1997CA00232, unreported.
Pursuant to Cook, supra, and Bair, supra, the third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges the statute is unconstitutionally vague. The Supreme Court did not pursue the question of vagueness in the Cook opinion. However, this court has reviewed such claims, and in State v. Albaugh
(February 1, 1999), Stark App. No. 1997CA00167 and 1997CA00222, unreported, we found the statute was not unconstitutionally vague.
The fourth assignment of error is overruled.
 V
In his final assignment of error, appellant argues the trial court erred because the record does not contain clear and convincing evidence in support of the finding that appellant is a sexual predator.
First of all, the Supreme Court in Cook, supra, did not specifically address what our standard of review is when considering a claim a trial court improperly classified an offender as a sexual predator. In Cook, however, the court found the judgment in that case was not against the manifest weight of the evidence, Cook, supra, at 426. The Supreme Court has held the judgment supported by sufficient competent and credible evidence going to each of the essential elements of the case must not be reversed by a reviewing court as being against the manifest weight of the evidence, see C.E. Morris Company v. Foley ConstructionCompany (1978), 54 Ohio St.2d 279.
R.C. 2950.01 defines a sexual predator as a person who has been convicted of a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses. In determining whether an individual is a sexual predator, the court must consider the following statutory factors:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Appellant argues the evidence in the lower case only addressed the issue of whether or not he had been convicted of a sexual offense. Appellant urges the State did not present evidence addressing the issue of whether he was likely to engage in the future in one or more sexually oriented offenses. Appellant points out the evidence before the trial court indicated he had completed ten prison rehabilitation programs, including eight sex offender programs.
The State replies it introduced three exhibits without objection from appellant. It introduced the Bill of Particulars, the change of plea and application for probation entry, and the entry denying probation and imposing the prison sentence. The State also attempted to introduce a pre-sentence report from the State of Maryland, which the trial court rejected. The State argues the evidence before the court showed appellant had repeatedly sexually abused his five year old son, and his nine year old niece over an extended period of time.
The trial court's findings of fact noted appellant had a history of similar sexual acts perpetrated against three victims, all under twelve years of age. The court found there was no evidence submitted of any mental illness or impairment, but the court had found a pattern of abuse, including forcible acts. The court concluded appellant is likely to engage in the future in one or more sexually oriented offenses, Judgment entry of March 9, 1998.
We find based upon the statutory factors, the judgment of the court finding appellant to be a sexual predator is not against the clear and convincing weight of the evidence.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0224
JUDGMENT ENTRY
CASE NO. 1998CA0125
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES